IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AVIATION FINANCE GROUP, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> DUC HOUSING PARTNERS, INC. and DANIEL A. DUC, <br><br> Defendants. | ORDER <br><br> AND <br><br> MEMORANDUM DECISION <br><br> Case No. 1:08-CV-535 |

This case is before the court on the Defendants' motion to dismiss for lack of jurisdiction or improper venue, or, in the alternative, motion for change of venue and Plaintiff's motion to remand the case to state court. Because Defendants signed a valid consent to jurisdiction clause giving Idaho courts jurisdiction over this case, but did not clearly waive their right to remove, the court DENIES both motions.

BACKGROUND

Plaintiff Aviation Finance Group (Aviation Finance) is an Idaho company that makes and services loans secured by aircraft. Aviation Finance made a loan to Defendant Duc Housing Partners, Inc. (Duc Housing) for financing of an aircraft. That loan was personally guaranteed by Defendant Daniel A. Duc. The loan was granted in accordance with an Aircraft Loan Agreement, a Promissory Note, and an Aircraft Security Agreement, which was signed by Mr. Duc as President of Duc Housing. The Aircraft Security Agreement provided, among other

things, that in the event of a lawsuit "Grantor [Duc Housing ] agrees upon Lender's [Aviation Finance] request to submit to the jurisdiction of the courts of Ada County, State of Idaho." (Plt.'s Mem. Supp. Motion Remand, Ex. C, at 6) The Aircraft Security Agreement also dictated that it "will be governed by, construed and enforced in accordance with federal law and the laws of the State of Idaho." (Id.) The same provisions were also in the Promissory Note and Aircraft Loan Agreement. (Id. at Ex. B, at 2; id. at Ex. A, at 4) The Promissory Note and the Commercial Guaranty both state they were accepted by Aviation Finance in the State of Idaho. (Id. at Ex. B, at 2; id. at Ex. D, at 2)

Aviation Finance filed this action in the Fourth Judicial District of the State of Idaho, in Ada County, alleging breach of contract and breach of the Commercial Guaranty. Defendant Daniel A. Duc filed a notice of removal under 28 U.S.C. § 1446(a) and (b), alleging diversity of citizenship and an amount in controversy in excess of $75,000.00. After removing the action, Mr. Duc filed a motion to dismiss the action for lack of personal jurisdiction or for improper venue. In the alternative, Mr. Duc asks this court to transfer this case to the Northern District of California. Aviation Finance has filed a motion requesting this case be remanded to the Fourth Judicial District of Idaho.

## ANALYSIS

Aviation Finance admits that there is diversity jurisdiction. But it maintains that Mr. Duc's and Duc Housing's consent to the contract terms binds them to litigate this case in Idaho State Court. Mr. Duc disagrees and contends the contract contains a forum selection clause and is unenforceable as contrary to strong Idaho public policy.

I. Enforceability of the Clause

2

The question of whether a forum selection clause is enforceable is governed by federal law. Argueta v. Banco Mexicano, S.A., 87 F .3d 320, 324 (9th Cir.1996). A forum selection clause is unreasonable and should not be enforced if:

> (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

Id. at 325 (quotations and citations omitted).[1] The Idaho Supreme Court has held that Idaho law articulates a strong public policy against the enforcement of forum selection clauses. Fisk v. Royal Caribbean Cruises, Ltd., 108 P.3d 990, 993 (Idaho 2005).[2] Accordingly, mandatory forum selection clauses generally cannot be enforced in Idaho.

But Aviation Finance argues that this is not a forum selection clause, mandating that any action be brought in only the selected court. According to Aviation Finance, this is a consent to jurisdiction clause that provides a waiver for jurisdictional questions, but does not dictate where the action must be brought in the first instance.

Whether a contract term is a mandatory forum selection clause or a permissive consent to jurisdiction clause is a matter of contract interpretation. Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75 (9th Cir. 1987). In Hunt Wesson Foods, Inc the Ninth Circuit considered a

---

[1] Although Argueta and the case it relies on, The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972), involved international agreements, the Ninth Circuit has determined that the same principles apply in the domestic context. Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 279 (9th Cir. 1984).

[2] Idaho law provides that, "[e]very stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void." I.C. § 29-110(a).

3

clause that read "[t]he courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract." Id. at 76. The court concluded that the clause meant the courts of Orange County had jurisdiction over the action, but not exclusive jurisdiction. Accordingly the clause was permissive and did not mandate jurisdiction in any particular court. Similarly, in N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034 (9th Cir. 1995), a contract provided that a decision made by an arbitrator "shall be enforceable by a petition to confirm an arbitration award filed in the Superior Court of the City and County of San Francisco, State of California." Id. at 1036. The court held "[t]o be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." Id. at 1037. It determined the language of the contract was permissive, not mandatory, because it lacked language that clearly required exclusive jurisdiction. Id.

This reasoning is applicable here. The language of the contract clause requires only that Mr. Duc and Duc Housing "submit to the jurisdiction of the courts of Ada County, State of Idaho." (Plt.'s Mem. Supp. Motion Remand, Ex. C, at 6) There is no language mandating exclusive jurisdiction in Ada County. Accordingly, the contract contains only a consent to jurisdiction clause, not a forum selection clause.

The law is settled that "parties to a contract may agree in advance to submit to the jurisdiction of a given court." Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 315-16 (1963). There is no indication that Idaho has a strong public policy against contracts that provide for jurisdiction in a particular venue, but also permit a suit to be filed elsewhere. Ponderosa Paint Mfg., Inc. v. Yack, 870 P.2d 663, 667 (Idaho App. 1994) (noting it is "well-established that

4

parties to a contract may agree in advance of litigation to submit to the personal jurisdiction of a given court" and such agreements are not "forum selection clause such as that found to be violative of I.C. § 29-110" because they "do not purport to limit the parties to bringing suit only in Ada County and do not attempt to oust any other court of jurisdiction"); AMRESCO Commercial Finance, LLC v. T.P. Sampson Co., 2005 WL 1863282, 2 (D. Idaho 2005) (unpublished) (differentiating between permissive consent to jurisdiction clauses and exclusive forum selection clauses rejected by the Idaho Supreme Court). Consequently, the clause in this case is valid and enforceable.

II. Waiver of Right of Removal

Aviation Finance argues that because the clause is enforceable, this court should remand the action to state court. Whether the consent to jurisdiction clause constituted a valid waiver of the Defendants' right of removal is a question of contract interpretation. Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271 (11th Cir. 2004). In both Hunt Wesson and Cal. District Council of Laborers, the Ninth Circuit reversed the District Court's order remanding the action to state court. 817 F.2d at 78; 69 F.3d at 1038. The Eleventh Circuit found the phrase "submit to the jurisdiction of Broward County, Florida" to be "vague and imprecise." Global Satellite Commc'n Co., 378 F.3d at 1274. Because the phrase "lends itself to several possible reasonable interpretations" the court determined it must be construed against the drafter. Id. In considering a similar phrase, the Fifth Circuit held that a contract term providing that the defendant agreed to "consent and yield to the jurisdiction of the State Civil Courts of the Parish of Orleans" did "not contain a clear and unambiguous waiver of removal rights and [was] therefore ineffective as a waiver." City of New Orleans v. Mun. Admin. Serv., Inc., 376 F.3d 501, 504-06

5

(5th Cir. 2004).

Here, the language of the consent to jurisdiction clause is not sufficiently clear to qualify as a waiver of Defendants' right to removal.[3] Aviation Finance argues that the phrase "courts of Ada County, State of Idaho" unambiguously refers to the Fourth Judicial District of Idaho and cannot be read to include the Federal District Court which is only in Ada County. This reasoning is sound. The Federal District Court is not of Ada County. Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc., 428 F.3d 921, 926 (10th Cir. 2005) (holding "the federal court located in Colorado is not a court of the State of Colorado but rather a court of the United States of America"). But the phrase is still open to two interpretations. It could be read to waive any argument that the courts of Ada County do not have personal jurisdiction over the Defendants. Or it could be read to waive any challenge to pursuing the action in the courts of Ada County. Given this ambiguity, the right to removal is not waived.

III. Personal Jurisdiction

Defendants argue that Idaho does not have personal jurisdiction over them and this case must be dismissed. Their argument is premised on the assumption that the consent to jurisdiction clause is invalid. In determining whether specific jurisdiction exists this court must first look to the law of the forum state, in this case Idaho. Menken v. Emm, 503 F.3d 1050, 1056 (9th Cir.

---

[3] The court notes that in an unpublished memorandum decision the Ninth Circuit concluded that a forum selection clause that generally stated that the Defendant "agrees to submit to the jurisdiction of any court within the United States" constituted a waiver to the right of removal when the action was originally filed in state court. Pub. Util. Dist. No. 2 of Grant County v. Illinois Employers Ins. of Wausau, 15 F.3d 1088 (9th Cir. 1994) (unpublished). That case contained a general waiver of jurisdiction, which allowed the plaintiff to choose any forum. Such clauses are generally considered to adequately waive the right of removal. See, e.g., Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1216-17 (3d Cir. 1991).

2007). Idaho's long-arm statute is coextensive with the limits on personal jurisdiction proscribed by the due process clause of the United States Constitution. Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir. 1987). Accordingly, the court turns to due process considerations.

"As the personal jurisdiction requirement recognizes and protects an individual liberty interest it can, like other such rights, be waived." Dow Chemical Co. v. Calderon, 422 F.3d 827, 831 (9th Cir. 2005) (quotations, alteration, and citations omitted). Specifically, a defendant "can confer jurisdiction over his person upon a court otherwise lacking that jurisdiction by expressly consenting to it." SEC v. Blazon Corp., 609 F.2d 960, 965 (9th Cir. 1979). The Supreme Court has held that where parties "stipulate in advance to submit their controversies for resolution within a particular jurisdiction" the enforcement of such provisions, if freely negotiated, "does not offend due process." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 n.14 (1985).

By agreeing "to submit to the jurisdiction of the courts of Ada County, State of Idaho" the Defendants unambiguously waived their right to object that the courts of Ada County had personal jurisdiction over them. Upon removal, a federal district court acquires "such jurisdiction, no more no less," as the state court had. Dunn v. Cedar Rapids Eng'g Co. of Del., 152 F.2d 733, 734 (9th Cir. 1945). Accordingly, because the Fourth Judicial District had personal jurisdiction over the Defendants, this court also has jurisdiction. Id.; Lakeside Bridge & Steel Co. v. Mountain State Const. Co., Inc., 597 F.2d 596, 598 (7th Cir. 1979) ("[T]he jurisdictional issue in the case at bar is the same as it would have been if the case had remained in the state court from which it was removed."); Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 779 (7th Cir. 2003) ("A district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction."). Because the Defendants

7

consented to jurisdiction in Idaho, their motion to dismiss is denied.

III. Venue

Defendants first argue that venue in Idaho is improper under 28 U.S.C. § 1391(a). That statute reads:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Id. Here, the lender is based in Idaho, the contract was accepted Idaho, and the Defendants made, or failed to make, its payments to an Idaho-based lender. These facts are sufficient to make Idaho a locations where "a substantial part of the events or omissions giving rise to the claim occurred." Id.; see Schenck v. Motorcycle Accessory Warehouse, Inc., 2007 WL 1138915, 2 (D. Idaho 2007).

Finally, the Defendants request that the court transfer this case to the Northern District of California under 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). In considering such a transfer the court may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Many of these factors

weigh against the transfer of this case. This case is governed by Idaho law and Idaho is the forum selected by the Plaintiffs. Although some witnesses and evidence will be in California, Aviation Finance's presence in Idaho means that other witnesses will be present here. When the Defendants signed the loan documents they were well aware of the strong possibility that, in the event of a lawsuit, any litigation would be conducted in Idaho. Given these considerations, the court finds that transferring this case would not serve the interests of justice. 28 U.S.C. § 1404(a).

## ORDER

For the foregoing reasons, Plaintiff's motion to remand is DENIED and Defendants' motion to dismiss or transfer is DENIED.

DATED this 7th day of May, 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge