IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AVIATION FINANCE GROUP, LLC, as Administration Agent for AVIATION SECURITIZATION, LLC and WELLS FARGO BANK, NATIONAL ASSOCIATION (formerly known as Wells Fargo Bank Minnesota, N.A. and Northwest Bank Minnesota, N.A.) as Indenture Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>DUC HOUSING PARTNERS, INC., a California corporation; and DANIEL A. DUC,<br><br>    Defendants. | Case No. CV 08-535-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before this Court is Plaintiffs' Motion for Summary Judgment on The Issue of Damages (Doc. No. 56). The motion is fully briefed. The Court has reviewed the parties' briefing including the materials submitted under oath, the Statement of Undisputed Facts, attached Exhibits A and B, considered the record and concludes that oral argument will not aid it further in making a decision on the issues presented. Accordingly, the Court issues the following Memorandum Decision and Order.

MEMORANDUM DECISION AND ORDER  1

## I. BACKGROUND

A Memorandum Decision and Order was issued on April 20, 2010 resolving Plaintiff's Motion for Summary Judgment. (Document 52). The factual background explained in that Order will not be restated here, but rather is incorporated by reference as if set forth fully in this Memorandum Decision and Order.  In that prior decision, the Court ruled in Plaintiff's favor on liability, but denied the motion with respect to damages because of two outstanding issues on certain claims: (1) damages related to a failed auction and (2) the reasonableness of the Plaintiff's attorney's fees.  (Doc. No. 52).

Plaintiff subsequently agreed to waive the internet auction expense damage claim, and to defer recovery of legal expenses until a post-judgment fee application is filed.  *See Second Supplemental Declaration of Jerry Dunn* (hereafter, "Dunn Second Supp. Dec."), ¶¶ 4 & 5, Exhs. A & B (Doc. Nos. 53 - 53-1).  Plaintiff accordingly submitted a revised Schedule of Collection Expenses excluding all items attributable to the auction, and all legal expenses.  *Id.* ¶ 3 & Exh. A.  Plaintiff also submitted a revised calculation of Defendants' current loan deficiency reflecting (i) the increased amount of the proceeds collected from the sale based on Plaintiff's stipulation and the Court's subsequent ruling, (2) the decreased amount of collection expenses resulting from Plaintiff's agreement to deduct the auction expenses, (3) corresponding interest calculation adjustments, and (4) interest accrued through April 21, 2010.  *Dunn Second Supp. Dec.* ¶ 5 & Exh. B.  Accordingly, Plaintiff requested entry of judgment against the defendants in the amount of the "Total Deficiency" amount of $820,921.42, plus daily interest accruing at the rate of $165.70 for each day after April 21, 2010, through the date of judgment.  *Id.* ¶ 6.

MEMORANDUM DECISION AND ORDER  2

The Court held a telephonic status conference and hearing to determine Defendants' response to the Plaintiff's concessions and request.  During that hearing, Defendants stated a general objection to Plaintiff's informal request, and the Court allowed the parties an opportunity to submit further briefing on the issues remaining.

It is in that context that Plaintiff filed the pending motion for summary judgment on the remaining issues.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In applying this standard, the court must construe all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise

MEMORANDUM DECISION AND ORDER  3

properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings. *Id.* Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The Court must be "guided by the substantive evidentiary standards that apply to the case." *Liberty Lobby*, 477 U.S. at 255. If a claim requires clear and convincing evidence, the issue on summary judgment is whether a reasonable jury could conclude that clear and convincing evidence supports the claim. *Id*.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

MEMORANDUM DECISION AND ORDER  4

### III.  ANALYSIS

In its pending motion, Plaintiff renews its requests to enter judgment in the amount of the total deficiency plus accrued interest as set forth in Plaintiff's President Jerry Dunn's Second Supplemental Declaration. (Doc. No. 53).  In response, Defendants again object to the expenses claimed.  Defendants argue that pursuant to the Court's prior ruling on the Plaintiff's motion for summary judgment, the Court found, based on the Plaintiff's stipulation and the record, that AFG's sale of the aircraft was commercially unreasonable.  Accordingly, Defendants argue, that the Court must find that all expenses incurred in the sale of the aircraft were commercially unreasonable.  The Court disagrees with Defendants' interpretation of the Court's prior ruling on this issue.  Defendants raised no objection to the claimed expenses in response to Plaintiff's original motion for summary judgment.  Further, Defendants submitted no additional evidence or cited any legal authority supporting their new objection in response to the pending motion that the fees AFG claims in conjunction with its services were unreasonable or otherwise unrecoverable under the parties' contracts.  With all of the foregoing in mind, and analyzing the evidence in the record, the Court concludes that there are no genuine issues of material fact in dispute on the issue or amount of damages.  Fed. R.Civ. P. 56(c).

Accordingly, Plaintiff's motion for summary judgment on the issue of damages is granted.

### V.  ORDER

Consistent with the foregoing Memorandum Decision,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment (Doc. No. 53) is GRANTED;

MEMORANDUM DECISION AND ORDER  5

IT IS FURTHER ORDERED that Judgment shall be entered in favor of Plaintiff in the amount of $820,921.42 for the outstanding total deficiency, and $9,444.90 representing the fifty-seven (57) days of interest accrued from April 12, 2010 in the amount of $165.70 per day, for a total judgment amount of $830,366.32.



DATED: **June 8, 2010**.

Honorable Larry M. Boyle
United States Magistrate Judge