IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AVIATION FINANCE GROUP, LLC, as Administration Agent for AVIATION SECURITIZATION, LLC and WELLS FARGO BANK, NATIONAL ASSOCIATION (formerly known as Wells Fargo Bank Minnesota, N.A. and Northwest Bank Minnesota, N.A.) as Indenture Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>DUC HOUSING PARTNERS, INC., a California corporation; and DANIEL A. DUC,<br><br>    Defendants. | Case No. CV 08-535-LMB<br><br>**MEMORANDUM DECISION AND ORDER ON ATTORNEY FEES** |

Currently pending before the Court is Plaintiff's Motion for Allowance of Attorney Fees (Docket No. 62). In the interest of avoiding further delay and because the Court finds that the decisional process would not be significantly aided by further oral argument, the Court will resolve this motion without an additional hearing. Therefore, having carefully reviewed the record, and being otherwise fully advised, the Court enters the following Order granting Plaintiff's request.

## BACKGROUND

This is a collection action originally filed in state court and removed to this Court on October 24, 2008. Plaintiff Aviation Finance Group, LLC ("AFG") financed the purchase of a commercial aircraft by Defendant Duc Housing Partners, Inc. ("Duc Housing"). The $4,520,000 loan was secured by the aircraft as collateral and personally guaranteed by Defendant Daniel

**ORDER - 1**

Duc ("Duc"). The loan went into default in October 2008. AFG brought this action to recover the amount owed under the Note and personal guaranty. In its Complaint, Plaintiff alleged the principal, penalties and interest amount calculated as outstanding through October 31, 2008,would be $3,068,042.22, with interest, attorneys fees and other charges continuing to accrue. (Docket No. 2-1, ¶ 24).

After removal, Defendants filed a Motion to Dismiss for Lack of Jurisdiction, Improper Venue, or in the Alternative for Change of Venue. (Docket No. 5). Plaintiff filed a Motion to Remand back to state court. (Docket No. 8). Both motions were denied. (Docket No. 22).

Defendants answered the Complaint on August 12, 2009 (Docket No. 26), nearly a year after the action was filed. Defendants raised the Plaintiff's breach of contract, breach of covenant of good faith and fair dealing, estoppel, quasi estoppel, Plaintiff's failure to comply with the Uniform Commercial Code, impairment of collateral, unconscionable conduct, waiver and Plaintiff's failure to mitigate its damages as affirmative defenses. (Docket No. 26).

In June 2009, AFG sold the repossessed aircraft for $2 million. Accordingly, as of August 31, 2009, AFG claimed Defendants owed the deficiency of $1,425,031.47, with interest and legal expenses continuing to accrue. (See Docket No. 28-4, ¶ 18).

Plaintiff filed a motion for summary judgment on both of its claims against the Defendants on September 2, 2009. (Docket No. 28). Defendants filed an opposition to the motion for summary judgment and a motion to continue the hearing to allow for further discovery. The latter was subsequently withdrawn. (Docket No. 43).

In response to Plaintiff's motion, Defendants set forth no facts contesting liability on either the Note or the personal guaranty. Defendants contested, however, that the sale of the

**ORDER - 2**

aircraft had been conducted in a reasonable commercial manner, and therefore, the amount of the deficiency owed. Defendants submitted their expert appraiser's opinion that the fair market value of the aircraft was $2,582,545, which was $582,545 more than the sale price realized.

Before the Court ruled on the Motion for Summary Judgment, Plaintiff submitted a Notice of Stipulation to Facts for Purposes of Summary Judgment Only wherein Plaintiff agreed that the fair market value of the aircraft was the Defendants' expert's opinion of value. (Docket No. 47). Plaintiff desired to avoid the expense of further litigation and to expedite the resolution of the litigation by foregoing its claim to the disputed $582,545 difference. Plaintiff also filed an updated schedule of expenses incurred. (Docket No. 47-1 & 47 -2).

In response to Plaintiff's notice, Defendants contended that the record nonetheless contained evidence that the aircraft could have sold for even more than Defendants' own appraiser valued the fair market value of the aircraft, and that questions of fact still remained regarding the commercial reasonableness of the sale of the aircraft that prevented the Court from granting judgment in Plaintiff's favor. (Docket No. 49, p. 2). Defendants also argued that "Defendants' affirmative defenses of breach of contract, breach of covenant of good faith and fair dealing, impairment of collateral and unconscionable conduct remain viable defenses which may justify denied of a deficiency in its entirety." (Docket No. 49, p. 3).

The Court ruled on Plaintiff's motion for summary judgment on April 20, 2010 (Docket No. 52) and rejected both of Defendants' arguments. The Court concluded that there were no disputed facts as to Defendants' liability, and that the undisputed fair market value of the aircraft was the $2,582,545 (Docket No. 52, p. 21). The Court further concluded, however, that questions of fact remained as to damages related to certain expenses incurred regarding the sale

of the aircraft, and the reasonableness of the attorney fees claimed. *Id.* The Court granted Plaintiff's motion for summary judgment in part and denied it in part accordingly. (Docket No. 52).

Plaintiff then filed a Motion for Summary Judgment on Damages electing to forgo the disputed damage claim, and agreeing to file a post judgment attorney fees application establishing the reasonableness of the attorney fees as Defendants had proposed, in order to expedite resolution of the litigation. (Docket No. 56). Accordingly, Plaintiff further reduced their deficiency claim by another approximately $30,000.[1] Defendants raised further objections to the expenses claimed but presented no new evidence.

The Court granted Plaintiff's motion for summary judgment on damages, and entered judgment in the amount of $820,921.42 as the outstanding total deficiency plus interest. (Docket No. 9). Thereafter, Plaintiff filed the currently pending Motion for Attorney Fees. (Docket No. 62). Defendants object primarily on the basis that Plaintiff is not the prevailing party in this action. (Docket No. 64).

**DISCUSSION**

**A.     Entitlement to Fees**

In "action[s] involving state law claims, [federal courts] apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *Wisdom v. Centerville Fire dist., Inc.*, 2010 WL 468094 (D. Idaho) (CV 07-95-S-EJL) at 10 (*quoting MRO Communications, Inc. v. AT & T Co.*, 197 F.3d 1276,

---

[1] Plaintiff's reduced the amount of total deficiency claimed from approximately $853,676 plus interest (the amount claimed outstanding through December 2009), *see* Docket No. 47-1, down to $820,921.42 plus interest accruing as of April 21, 2010. (Docket No. 56, ¶ 4.)

**ORDER - 4**

1282 (9th Cir.1999)). Idaho Code § 12-120(3) is the applicable statute in this case. It provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

I.C. § 12-120 (3). The statute "compels an award of attorney fees to the prevailing party in an action to recover on a note or other commercial transaction." *Shore v. Peterson*, 146 Idaho 903, 204 P.3d 1114, 1126 (2009)(citation omitted). A determination of the prevailing party in an action is up to the sound discretion of the trial court. *Id.*; *Bates v. Seldin*, 146 Idaho 772, 777, 203 P.3d 702, 777 (2009). Idaho Rule of Civil Procedure 54(d)(1)(B) guides courts' inquiries on the prevailing party question in cases involving the Idaho fee-shifting statute. *Shore*, Id. at 719, 117 P.3d at 133. That rule provides:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

Idaho R. Civ. P. 54(d)(1)(B).

Plaintiff argues that it is a prevailing party and entitled to its reasonable attorney fees because it obtained a judgment for $829,000 against both defendants joint and severally. Defendants dispute that Plaintiff is the "prevailing party" on the basis that Plaintiff did not recover the full amount it originally claimed defendants owed on the Note and personal guaranty which was $1,425,031.41. Alternatively, Defendants argue that the fees Plaintiff incurred in filing its two motions, to change venue and for summary judgment, should be extracted on the

**ORDER - 5**

basis that motions were unsuccessful and, therefore, Plaintiff is not a "prevailing party" in those efforts.

The Court finds, and thus concludes, that Plaintiff is a prevailing party in this case. Plaintiff brought this action to recover on a Note and guaranty. Defendants argument is essentially that because they successfully reduced the amount of deficiency that Plaintiff's originally sought, Plaintiff cannot be considered the prevailing party. The Court disagrees. Although Defendants did not dispute liability on the Note and guaranty in response to Plaintiffs' motion for summary judgment, Defendants did not enter this lawsuit with that position. Defendants originally denied any deficiency or liability by asserting various affirmative defenses intended to avoid such liability. *See* Docket Nos. 26 & 49, p. 3

Similar to Defendants' change in position regarding their affirmative defenses, Plaintiff elected to pursue a lesser amount than it originally sought in the interest of avoiding further litigation expense. This choice does not change the fact that Plaintiffs prevailed on their claims overall. *See Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 117 P.3d 130, 133 (2005) (determining that prevailing party is determined "from an overall view, not a claim-by-claim analysis"). To find otherwise, in this Court's view, would create an unfavorable disincentive for parties to take reasonable steps to avoid the expenses of litigation.

The Court also rejects Defendants' argument that the Court should dissect the litigation into the various stages and "battles" and determine a prevailing party at each turn. *See Steel & Constr. v. Martel Const., Inc.*, 923 P.2d 995, 1000 (Idaho Ct. App. 1996) (Attorney fees must be reasonable overall and "trial court not required to excise fees relating to each skirmish that may have been lost during the litigation by the party who ultimately prevailed in the case.")

For the reasons stated above, the Court finds, and thus concludes, that Plaintiff is the prevailing party in this action entitled to reasonable attorney fees pursuant to I.C. § 12-120(3).

**B.    Reasonableness of Fees**

Ninth Circuit jurisprudence requires that, when claiming fees under a fee-shifting statute, the amount of attorney fees claimed be reasonable. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). Furthermore, "[t]he fee applicant bears the burden of documenting the appropriate hours expended . . . and must submit evidence in support of those hours worked." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983)).

District Courts in the Ninth Circuit are required to use the lodestar method to determine the reasonableness of fees claimed. *Staton v. Boeing, Co.*, 327 F.3d 938, 965 (9th Cir 2003). The lodestar method is a two-step process. *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996). First, the court is required to calculate the "lodestar figure" by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* The court then decide if the presumptively-reasonable lodestar figure is fair considering other "factors bearing on reasonableness."[2] *Morales*, 96 F.3d at 363–64.

Plaintiff submitted a "Declaration of Jason D. Scott" (hereafter "Scott Decl.") in support of its request for attorney fees. (Docket No. 62-2). Scott attached an itemization of the legal fees incurred setting forth the date, individual who performed the service, the amount of time, the total amount billed and a detailed description of the legal service provided. (Scott Decl.,

---

[2] The factors considered in the Ninth Circuit are: (1) the time and labor required, (2) the preclusion of other employment by the attorney due to acceptance of the case, (3) the customary fee, (4) time limitations imposed by the client or the circumstances, (5) the "undesirability" of the case, (6) the nature and length of the professional relationship with the client, and (7) awards in similar cases. *See Morales*, 96 F.3d at 364.

**ORDER - 7**

Exh. A).  The billable rates charged amounted to a total of $46,391.50.  (*Id.*).  He also included an itemized billing for Westlaw charges incurred in the amount of $210.65.  (*Id.*, ¶ 4, Exh. A attached).  Defendants do not dispute that either the legal service charges or the time incurred for the work performed are reasonable.

The Court has reviewed the billing statements submitted and finds that the entries do not reflect excessive amounts, that the activities described within each block of time appear proportionate to the total amount of time billed, and that the billable hourly rates are reasonable. Thus, 218.8 hours at the hourly rates charged were reasonable.  The Court also finds that the Westlaw charges charged are reasonable.   Therefore, upon consideration of all relevant factors, the Court finds, and thus concludes, that the requested $46,602.15 in attorneys' fees is fair and reasonable under the circumstances.

## ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Allowance of Attorney Fees (Docket No. 62) is GRANTED and Plaintiff's are awarded $46,602.15 in attorney's fees pursuant to I.C. § 12-120(3) as the prevailing party in this matter.  Plaintiff shall submit a final separate judgment for entry as required by Rule 58(a).

DATED:  **September 8, 2010**.

_____
Honorable Larry M. Boyle
United States Magistrate Judge

**ORDER - 8**